```
                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE SOUTHERN DISTRICT OF OHIO
                              EASTERN DIVISION
```

**RUTH MORRISON,**

        **Plaintiff,**

  vs.                                        **Civil Action 2:03-CV-729**
                                                       **Judge Sargus**
                                                        **Magistrate Judge King**

**BROOKSTONE MORTGAGE CO.,**
**INC.,** *et al.,*

        **Defendants.**

## OPINION AND ORDER

This is an action instituted on behalf of plaintiff and a class of similarly situated individuals who have entered residential mortgage loan transactions with defendants. The class claims relate to the credit reporting and document preparation fees charged by the defendants; plaintiff's individual claims relate to the total settlement costs and fees paid by her. On February 8, 2005, the Court, *inter alia*, granted plaintiff's motion to compel discovery, Doc. No. 65, as it related to plaintiff's Document Request Number 8. That request seeks the loan files of every Ohio resident who consummated a loan with Interfirst, either directly or through assignment, since March 1, 1999. The Court characterized the information sought by this request as "critical in determining whether plaintiff's claims are similar to those of other borrowers." Doc. No. 65, at p.8. The Court directed Interfirst to provide the required discovery within fifteen (15) days of the date of the order. *Id.,* at 12. This matter is now before the Court on Doc. No. 67, Interfirst's motion for modification of that order, for an extension of time in which to comply with that order and for approval of a protective order regarding information produced, as well as on Doc. No. 69, plaintiff's responsive motion for sanctions based upon Interfirst's

failure to produce the required documents within the time required by the Court's order.

Interfirst has persuaded the Court that it has acted reasonably under the circumstances. Its motion was filed reasonably promptly following its attempts to comply with the Court's order. In its efforts to comply with the order of February 28, 2005, Interfirst realized that more than 150,000 loan files would be responsive to this document request. *Affidavit of Diane Kehl,* ¶4, attached as *Exhibit 2* to *Motion for Modification, etc.* The Affidavit of Anthony Reinschmidt, attached as *Exhibit A* to the *Reply*, adequately establishes that production of all those documents would place an unreasonable burden on Interfirst.

As an alternative to the burdensome production required by strict compliance with this Court's order of February 8, 2005, Interfirst suggests a sampling of loans, including "the first and last 20 loans for the years 1999-2003 for each of the more than 500 broker/correspondent entities with which" it has a contract, Doc. No. 70, at p.4, and "the first and last 20 loans of each identified year that did not close in [Interfirst's] name, regardless of the entity in whose name the loan closed." *Id.* This Court agrees with Interfirst that, at this juncture at least,[1] the production of a sample consisting of 400 closed loan files will reasonably accommodate plaintiff's need to determine whether or not her class allegations are supported.

Interfirst also asks that the Court enter a protective order regarding the sample documents. Although plaintiff opposes that request, the Court agrees that the sensitive information likely to be found in

---

[1] Once the production of the sample has been made and evaluated, plaintiff may seek to justify by motion and upon good cause shown, a broader production.

these documents, which relate to strangers to this litigation, justifies the protection sought by Interfirst.

Accordingly, the motion for modification, extension of time and a protective order, Doc. No. 67, is **GRANTED.**  Plaintiff's motion for sanctions, Doc. No. 69, is **DENIED.**


May 13, 2005                                  *s/Norah McCann King*
                                         Norah M<sup>c</sup>Cann King
                                       United States Magistrate Judge